**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| WENDY FORTUNATO, | |
| Plaintiff, | 2:13–cv–1503–JCM–VCF |
| vs. | |
| | **REPORT & RECOMMENDATION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter involves Plaintiff Wendy Fortunato's appeal from Defendant Carolyn W. Colvin's final decision denying Fortunato's social security benefits. (Compl. (#3) at 2:2–24[1]). Before the court is Fortunato's motion for reversal and remand (#11). The Commission filed an opposition (#15); Fortunato did not reply. Also before the court is the Commissioner's unopposed cross-motion for affirmance (#14). For the reasons stated below, the court recommends denying Fortunato's motion and granting the Commissioner's motion.

**STANDARD OF REVIEW**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security

---

[1] Parenthetical citations refer to the court's docket and administrative record.

1

renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. The court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the court must uphold the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

Fortunato's appeal presents one question: whether the Commissioner applied the right legal standard and correctly discounted Fortunato's testimony regarding her subjective symptoms at stage two. Before discussing this question, the court begins its analysis of Fortunato's appeal by reviewing the Commission's burden at stage two.

**I.      The Commissioner's Burden at Stage Two**

To qualify for benefits under the Social Security Act, the claimant must demonstrate his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). When making this determination, the Commissioner engages in a five step inquiry.

At step two—the only relevant step here—the claimant must prove that her impairment is "severe," which means that the impairment "significantly limits her physical or mental ability to do basic work activities." *See* 20 C.F.R. §§ 404.1520(c), 416.920(c). Under the *de minimis* step two standard, "an impairment or combination of impairments may be found not severe only if evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686–87 (9th Cir. 2005).

The claimant's subjective symptoms must be considered at this step. 40 C.F.R. § 404.1529; *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996); *Lamell v. Colvin*, No. 12–05013–KAW, 2014 WL 282414, at *1 (N.D. Cal. Jan. 24, 2018). Symptoms are evaluated under a two-step analysis. SSR 96–7p. First, the Commissioner determines whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms. *Id*.; *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). Second, the Commissioner must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work. *Id*.

In determining the credibility of the claimant's statements regarding the intensity, persistence, and limiting effects of his or her symptoms, the Commissioner must identify specific reasons for finding

the statements credible or not credible. SSR 96–7p. These reasons must be supported by the evidence in the record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight. SSR 96–7p.

## II. Whether the Commissioner Properly Discounted Fortunato's Testimony at Stage Two

Fortunato argues that "the ALJ did not conduct the mandated two step analysis." (Pl.'s Mot. to Remand (#11) at 9:2–3). The court disagrees. As discussed below, the ALJ applied the two-step procedure and then identified four reasons for finding that Fortunato's testimony lacks credibility.

First, the ALJ correctly applied the two-step procedure. (*See* Admin. Rec. at 22). The ALJ identified an underlying medically determinable impairment: Fortunato's fatigue, muscle cramps, lack of mental clarity, and inability to focus. (*Id*.) Second, the ALJ evaluated the intensity, persistence, and limiting effects of Fortunato's symptoms. (*Id*.) In doing so, the ALJ identified four reasons for discrediting Fortunato's testimony. (*Id*. at 23–24). These included: (1) a three-year time gap between Fortunato's diagnosis with thyroid cancer and her retirement, which happened to coincide with the onset of the symptoms; (2) conflicting testimony regarding spending seventy percent of the day in bed for up to three days while also conducting "normal activities of daily living" relative to running a household and caring for two minor children; (3) conflicting testimony regarding "being unable to concentrate for more than five minutes" while also being able to "pay attention for one hour" and follow instructions "well"; and (4) the fact that the extent of her testimony appears "greater than expected in light of the objective evidence of record." (*Id*.)

Fortunato argues that the ALJ erred because "the regulations specifically prohibit rejecting subjective pain testimony solely on the basis of objective medical evidence." (Pl.'s Mot. to Remand

(#11) at 10:12–13). As discussed above, the ALJ did not reject Fortunato's testimony on that basis alone. Therefore, no error occurred.

Fortunato further argues that "the objective medical evidence supports [her] testimony." (*Id.* at 11:17). Even if true, this is irrelevant under the court's substantial evidence standard. As stated above, the court's role is not to reweigh evidence or determine the truth. Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co.*, 305 U.S. at 197. If the evidence supports more than one interpretation, the court must uphold the Commissioner's interpretation. *Burch*, 400 F.3d at 679. As a result, this argument fails as a matter of law.

Fortunato's motion to remand challenges the Commissioner's decision on one ground: that "the ALJ did not conduct the mandated two step analysis" when discrediting Fortunato's testimony. (Pl.'s Mot. to Remand (#11) at 9:2–3). As demonstrated above, the Commissioner did in fact conduct the mandated two step analysis. Therefore, the court recommends denying Fortunato's motion to remand.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Plaintiff Wendy Fortunato's Motion for Reversal (#11) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioners motion for summary judgment (#14) be GRANTED.

IT IS SO RECOMMENDED.

DATED this 24th day of March, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE